**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **MARK BELL, GARY GOVER, RENE CHAVEZ, RICHARD BALDWIN, FERNANDO TORRES, and JONATHAN WINCKLER** | § | |
| ***Plaintiffs,*** | § | |
| **v.** | § | **Civil No. 1:25-cv-01181-KG-SCY** |
| **PRAIRIE FIELD SERVICES, LLC** | § | |
| ***Defendant.*** | § | |

## PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

Plaintiffs file this Amended Class Action Complaint against Prairie Field Services, LLC, ("Defendant" or "Prairie") seeking all available relief under the New Mexico Minimum Wage Act, N.M. Stat. §§ 50-4-19 through 50-4-35 ("NMMWA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiffs, former truck drivers for Defendant, bring this lawsuit to recover unpaid overtime wages and other damages under the NMMWA and the FLSA. N.M. STAT. § 50-4-22(D); 29 U.S.C. §§ 206-207.

2. Defendant provides bulk transportation in North America, including New Mexico.

3. Plaintiffs are assigned by Defendant to haul loads in New Mexico.

4. Defendant has employed Plaintiffs and other non-exempt truck drivers to haul loads for Defendant in New Mexico but failed to properly pay them for overtime hours worked at the legally required rate in violation of the NMMWA and the FLSA. N.M. STAT. § 50-4-22(D); 29 U.S.C. §§ 207, 213. Plaintiffs were not governed by the maximum hour requirements of 49 U.S.C.

§ 31502.

5. Plaintiffs and the other truck drivers regularly worked over forty (40) hours in each workweek. Specifically, Plaintiffs and the other truck drivers were typically scheduled for 12-to-14-hour shifts. However, Plaintiffs and the other truck drivers never received overtime for hours worked in excess of forty (40) in a single workweek.

6. Defendant failed to pay Plaintiffs and the other truck drivers one and one-half times their regular rate of pay for hours worked in excess of forty (40) as required by the NMMWA and the FLSA.

**THE PARTIES**

7. Plaintiff Mark Bell is an individual who resided in Oklahoma and New Mexico during the relevant time period.

8. Plaintiff Gary Gover is an individual who resided in Oklahoma and New Mexico during the relevant time period.

9. Plaintiff Rene Chavez is an individual who resided in New Mexico during the relevant time period.

10. Plaintiff Richard Baldwin is an individual who resided in New Mexico during the relevant time period.

11. Plaintiff Fernando Torres is an individual who resided in New Mexico during the relevant time period.

12. Plaintiff Jonathan Winckler is an individual who resided in New Mexico during the relevant time period.

13. Plaintiffs worked for Defendant as truck drivers hauling in the State of New Mexico within the three (3) years preceding the filing of this lawsuit.

14. Plaintiffs worked out of Defendant's facilities and drove for Defendant in New Mexico. During their work for Defendant, Plaintiffs were scheduled to work an average of 5 to 6 days per week for 12 to 14 hours per day, for a total of approximately 286 hours per month. Defendant did not pay Plaintiffs overtime compensation at any time during the three years preceding the filing of this lawsuit.

15. Plaintiffs seek to represent a class of similarly situated truck drivers pursuant to Federal Rule of Civil Procedure 23. The class sought to be certified is defined as:

> All of Defendants' current and former truck drivers who hauled loads in New Mexico, worked over forty (40) hours in at least one week within the three (3) years preceding the filing of this lawsuit, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

16. Plaintiffs bring a collective action to recover unpaid wages owed to them and all other similarly situated employees, current and former, of Defendant, who worked as truck drivers at any time during the three year period before this Complaint was filed up to the present. These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and other governing precedent.

17. Defendant Prairie Field Services, LLC, is a North Dakota limited liability company, with its principal place of business at 201 Lake Street East, Wayzata, Minnesota. Defendant Prairie Field Services, LLC, does business throughout the United States, including New Mexico. Defendant Prairie Field Services, LLC, conducts substantial portions of its business in New Mexico. Defendant Prairie Field Services, LLC, has already appeared in this case.

18. Plaintiffs bring their NMMWA and FLSA claims as collective and class actions.

**<u>JURISDICTION AND VENUE</u>**

19. Jurisdiction over the Parties and the subject matter is proper with this Court

pursuant to Article VI of the New Mexico Constitution and the New Mexico long-arm statute, N.M. STAT. § 38-1-16.

20. This Court has original subject matter jurisdiction over this matter under the Wage Act as a cause of action arising under the laws of the State of New Mexico.

21. This Court has specific personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in New Mexico and committed the statutory violations alleged in this Complaint in New Mexico.

22. Venue is proper in this judicial district pursuant to N.M. STAT. § 38-3-l(F) because Defendant is a foreign corporation that failed to register to do business in New Mexico.

**COVERAGE FACTS**

23. At all relevant times, Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the Class Members.

24. At all relevant times, Defendant constituted employers or joint employer within the meaning of NMMWA and the FLSA. *See* N.M. STAT. § 50-4-21(B), 29 U.S.C. § 203.

25. At all relevant times, Plaintiffs and the Class Members constituted individual employees employed by an employer as the term "employee" is defined under the NMMWA, and under the FLSA. *See* N.M. STAT. § 50-4-21(C); 29 U.S.C. § 203.

**FACTUAL ALLEGATIONS RELATING TO OVERTIME VIOLATIONS**

26. Defendant has continuously conducted business in this judicial district over the last three (3) years and since it began failing to pay truck drivers who worked in New Mexico overtime for hours worked in excess of forty (40) per week.

27. Defendant is collectively operating throughout the United States, including New Mexico, and employ truck drivers to carry out their work.

28. The Class Members are individuals who worked for Defendant performing the same or substantially similar job duties as Plaintiffs.

29. Plaintiffs and the Class Members were subjected to the same or similar illegal pay practices for similar work.

30. Defendant agreed to pay truck drivers partially fixed and partially variable rates based on the number of loads delivered. Defendant has a policy of paying overtime to truck drivers while in training but not while they are actually working as truck drivers.

31. Furthermore, the truck drivers were required to regularly spend between 20 to 25 hours of the hours worked for Defendant each week on tasks unrelated to actually hauling loads. This included waiting in between scheduled load pick up and drop offs, 'deadhead' travel between locations, and mandatory meetings.

32. The time spent waiting on location or performing the above tasks was for the sole benefit of Defendant and Plaintiffs and the Class Members did not have any ability to use the time for their own benefit during these wait times and remained on call for Defendant. To the extent the truck drivers could otherwise be designated as piecework employees, this practice of requiring the truck drivers to perform these non-integral services for the Defendant without compensation defeats this designation.

33. Defendant classified the Class Members as exempt and paid them the same rate of pay regardless of the number of hours that they worked in each workweek and failed to compensate them at one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours.

34. As truck drivers, Plaintiffs' primary job duties included driving from the pickup site to drop-off sites within New Mexico, after shift work, equipment maintenance repairs and

responsibility, driving to return trucks to pick up sites, and waiting to perform these tasks at Defendant's direction.

35. Pursuant to Defendant's policy, Plaintiffs and the Class Members were not compensated for time worked, including shop time, breakdown time, wait time, or any non-driving time. Plaintiffs and the Class Members were also not compensated for deadhead trips between locations.

36. Defendant typically required Plaintiffs to work 12 to 14-hour shifts.

37. Plaintiffs regularly worked in excess of forty (40) hours each work week while employed by Defendant.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

38. Plaintiffs seek to represent a class of similarly situated truck drivers under NMMWA and the FLSA. Plaintiffs seek to certify the following class:

> All of Defendants' current and former truck drivers who hauled loads in New Mexico, worked over forty (40) hours in at least one week within the three (3) years preceding the filing of this lawsuit, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

39. Plaintiffs also seek a collective action pursuant to 29 U.S.C. § 216(b) and N.M. STAT. § 50-4-26(D).

40. Upon information and belief, members of these classes are so numerous that joinder of all members is impracticable and there are more than 100 members of the class.

41. While the precise number of the Class Members is unknown, at least Class Members work or worked for Defendant hauled loads in New Mexico and worked for more than forty (40) hours during the past three (3) years and throughout the time period Defendant's continuing course of conduct occurred.

42. Plaintiffs and all the Class Members were all improperly classified as exempt and

not afforded the overtime compensation when they worked in excess of 40 hours per week. Defendant's failure to pay wages and overtime compensation at the rates required by the NMMWA and FLSA results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Class Members. Plaintiffs' claims are therefore typical of the claims of the Class Members.

43. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members because there is no conflict between the claims of Plaintiffs and those of the Class Members. Plaintiffs' counsel is competent and experienced in litigating employment class actions and other complex litigation matters, including wage and hour cases similar to this case.

44. There are questions of law and fact common to the proposed classes, which predominate over any questions affecting only individual members, including, without limitation:

a. whether Defendant has violated and continue to violate statutory and common law through its policies or practices of not paying the Class Members at one and one-half times their regular hourly rates of pay for hours worked in excess of forty hours in each workweek;

b. the proper measure of damages sustained by the Class Members; and

c. whether Defendant should be enjoined for such violations in the future.

45. This action is properly maintainable as a class action

46. Defendant acted or refused to act on grounds generally applicable to the Class Members. Final injunctive and/or declaratory relief is appropriate to the Class Members as a whole.

47. Plaintiffs' claims are typical of the claims of the classes in the following ways, without limitation: (a) Plaintiffs are members of the classes; (b) Plaintiffs' claims are based on the same policies, practices and course of conduct that form the basis of the claims of the classes; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the classes and

involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the Class Members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Class Members.

48. Class certification is appropriate because questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members.

49. Class action treatment is superior to the alternatives for the fair and efficient adjudication of this controversy. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

50. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy because—in the context of wage and hour litigation— individuals lack the financial resources to vigorously prosecute lawsuits against large corporations.

51. The Class Members are readily identifiable from Defendant's own records, including the records indicating where Class Members were driving and consequently, where the majority of their hours were logged. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendant.

52. Class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Class Members, while substantial, are not great enough to enable them each to maintain separate suits against Defendant.

53. Without a class action, Defendant will retain the benefit of their wrongdoing, which will result in further damages to Plaintiffs and the Class Members. Plaintiffs do not envision any difficulty in the management of this action as a class action.

54. Plaintiffs intend to send notice to all Class Members pursuant to applicable conditional collective action procedures.

**VIOLATIONS OF NEW MEXICO MINIMUM WAGE ACT - OVERTIME**

55. Pursuant to NMMWA, an employer, such as Defendant, who fail to pay an employee wages in conformance with the NMMWA shall be liable to the employee for their unpaid wages plus interest, an additional amount equal to twice the unpaid wages, and court costs and attorneys' fees incurred. *See* N.M. STAT. § 50-4-26.

56. During the relevant time period, Defendant violated and continue to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the Class Members have suffered and will continue to suffer from a loss of income and other damages. Moreover, Plaintiffs request that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

57. Plaintiffs and the Class Members are entitled to unpaid overtime equal to one and-one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek pursuant to the formula outlined in N.M. STAT. § 50-4-22(D). *See also N.M. Dep't of Labor v. Echostar Commc'ns Corp.*, 2006-NMCA-047, ¶¶ 6-9, 139 N.M. 493, 495-96, 134 P.3d 780, 782-83.

## VIOLATIONS OF THE FLSA - OVERTIME

58. Defendant violated the FLSA by failing to properly compensate Plaintiffs for work performed in the employ of the Defendant. 29 U.S.C. §§ 206-207.

59. Plaintiffs have suffered damages as a direct result of Defendant's unlawful actions, including Defendant's failure to pay Plaintiffs wages and overtime.

60. Defendant failed to keep adequate records of Plaintiffs' and Class Members work hours and pay in violation of 29 U.S.C. § 211(c).

61. Federal law mandates that an employer keep for three years all payroll records and other records containing, among other things, the following information:

a. the time of day and day of week on which the employees' work week begins;

b. the regular hourly rate of pay for any workweek in which overtime compensation is due under the FLSA;

c. an explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d. the amount and nature of each payment which is excluded from the "regular rate",

e. the hours worked each workday and total hours worked each workweek;

f. the total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g. the total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded;

h. the total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i. the dates, amounts, and nature of the items which make up the total additions and

deductions;

j. the total wages paid each pay period; and

k. the date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

62. Defendant has not complied with federal law and has failed to maintain such records with respect to Plaintiffs and the Class Members. Because Defendant's records are inaccurate or inadequate, Plaintiffs and the Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were not compensated, and produce sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference.

63. Defendant is liable to Plaintiffs for wages, unpaid overtime compensation, liquidated damages, attorneys' fees & expenses under the FLSA, for the three-year period preceding the filing of this lawsuit. 29 U.S.C. § 216.

**<u>VIOLATIONS OF THE FLSA - GAP TIME</u>**

64. As alleged above, Plaintiffs were paid by loaded-mile, but were not paid for numerous activities that Defendant required them to perform, including without limitation waiting in between scheduled load pick up and drop offs, 'deadhead' travel between locations, and mandatory meetings, as well as any other tasks Defendant assigned them but did not actually involved operating their trucks over the road fully loaded with oil. The FLSA's broad remedial purpose is to capture the Class's right to recover for all "uncompensated work." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

65. The FLSA therefore provides that Plaintiffs can recover for all of this uncompensated time:

> There are situations, however, that fall between these two provisions of the FLSA. "In addition to seeking unpaid overtime compensation, employees may seek to recover wages for uncompensated hours worked that 'fall between the minimum wage and the overtime provisions of the FLSA,' otherwise known as 'gap time.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 243 (3rd Cir. 2014) (quoting *Adair v. City of Kirkland*, 185 F.3d 1055, 1062 (9th Cir. 1999)). Gap time "refers to time that is not [directly] covered by the [FLSA's] overtime provisions because it does not exceed the overtime limit, and to time that is not covered by the [FLSA's] minimum wage provisions because ... the employees are still being paid a minimum wage when their salaries are averaged across their actual time worked." *Id.* at 243-44 (quoting *Adair*, 185 F.3d at 1062 n.6).

*Conner v. Cleveland Cnty., N. Carolina*, 22 F.4th 412, 421 (4th Cir. 2022) cert. denied sub nom. *Cleveland Cnty. v. Conner*, 143 S. Ct. 523 (2022).

**QUANTUM MERUIT**

66. Plaintiffs provided compensable and valuable services for the benefit of Defendant, who accepted those services knowing that Plaintiffs expected compensation for them.

67. As it relates to Plaintiffs uncompensated time, Defendant has been knowingly benefitted at the expense of Plaintiffs in a manner such that allowance of the other to retain the benefit would be unjust.

**JURY DEMAND**

68. Plaintiffs request a trial by jury.

**PRAYER**

69. For these reasons, Plaintiffs, on an individual basis and on a representative basis on behalf of the Class Members, respectfully request that judgment be entered in their favor and against Defendant, awarding Plaintiffs on an individual basis and on a representative basis on behalf of the Class Members the following relief:

a. for an Order certifying the NMMWA and FLSA claims as a Class Action pursuant to, for designation of Plaintiffs as Class Representative and for designation of Plaintiffs' counsel as class counsel;

b. for Judgment that Defendant violated NMMWA by failing to pay Plaintiffs and the Class Members' overtime compensation;

c. for an Order awarding Plaintiffs and the Class Members all unpaid overtime compensation, an amount equal to twice their unpaid wages as liquidated damages, interest and all available penalty wages under the NMMWA;

d. for an Order awarding all costs and attorneys' fees incurred prosecuting this claim. N.M. STAT. § 50-4-26(e);

e. for an Order for injunctive relief. N.M. STAT. § 50-4-26(F);

f. for an Order conditionally certifying the FLSA and NMMWA claims as a collective action and authorizing notice to all putative Class Members;

g. for Judgment that Defendant violated the FLSA by failing to pay Plaintiffs and the Class Members' overtime compensation;

h. for an Order awarding Plaintiffs and the Class Members all unpaid overtime compensation, an amount equal to twice their unpaid wages as liquidated damages, interest and all available penalty wages under the FLSA;

i. for an Order awarding all costs and attorneys' fees incurred prosecuting this claim. 29 U.S.C. § 216 (b); and

j. any other and further relief to which Plaintiffs and the Class Members may be entitled.

April 24, 2026

Respectfully submitted,

*/s/ Benjamin W. Allen*

Benjamin Allen
NM Federal Bar No. 21-37
Courtney Luther
NM Federal Bar No. 25-420
Wallace & Allen, LLP
440 Louisiana, Suite 590
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 600-0034
ballen@wallaceallen.com
cluther@wallaceallen.com

**COUNSEL FOR PLAINTIFFS**